# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TRUINJECT CORP., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 19-592-LPS-JLH |
| | : | |
| NESTLÉ SKIN HEALTH. S.A., GALDERMA S.A., GALDERMA LABORATORIES, L.P., NESTLÉ SKIN HEALTH, INC., JOHN ROGERS, STUART RAETZMAN, SCOTT MCCREA, ALISA LASK and TIPHANY LOPEZ, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

At Wilmington this **17th** day of **March, 2020**:

WHEREAS, the above-captioned matter was transferred to this Court from the U.S. District Court for the Central District of California on March 28, 2019 (*see* D.I. 100, 101, 102);

WHEREAS, the parties' joint statement pursuant to Local Rule 81.2 identified pending motions at the time of transfer, to be re-filed following Plaintiff Truinject Corp. ("Truinject") amending its pleading (D.I. 106);

WHEREAS, on May 29, 2019, Truinject filed its Amended Complaint (D.I. 112), and, between July 8 and 17, 2019, defendants filed various motions to dismiss (*see* D.I. 117, 119, 121, 123, 125);

WHEREAS, Magistrate Judge Hall issued a 27-page Report and Recommendation (D.I. 169) ("Report I"), dated December 13, 2019, recommending that the Court grant Defendant

Nestlé Skin Health, S.A.'s motion to dismiss all claims against it for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) (*see* D.I. 123);

WHEREAS, on December 27, 2019, Truinject objected to Report I (D.I. 175) ("Objection"), arguing Judge Hall erred in: (1) noting that Truinject's drafting strategies when referring to the various corporate defendants in the Amended Complaint made it difficult to discern which defendants performed what acts for the purpose of assessing jurisdiction (*see id.* at 4-5), (2) concluding that the transferor court did not find Delaware had personal jurisdiction over Nestlé Skin Health, S.A. (*see id.* at 6-7), (3) determining that Nestlé Skin Health, S.A. was not bound by the 2014 or 2016 Confidential Disclosure Agreements' ("CDA") Delaware forum selection clause (*see id.* at 7-10), and (4) denying Truinject's request for jurisdictional discovery (*see id.* at 10);

WHEREAS, on January 10, 2020, Nestlé Skin Health, S.A. responded to the Objection (D.I. 181) ("Response");

WHEREAS, the Court has considered the Objection *de novo*, as the motion to dismiss presents a case-dispositive issue, *see Brasure's Pest Control, Inc. v. Air Cleaning Equipment, Inc.*, 2018 WL 337747, at *1 (D. Del. Jan. 9, 2018); 28 U.S.C. § 636(b)(1);

WHEREAS, Truinject acknowledges failures to comply with this Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013 ("Standing Order"), which requires, among other things, a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and describing the good cause for failing to previously raise the new legal/factual arguments before the Magistrate Judge (*see* D.I. 182);

WHEREAS, on January 7, 2020, Judge Hall issued a 39-page Report and Recommendation (D.I. 178) ("Report II"), recommending that the Court grant-in-part and deny-in-part separate motions to dismiss filed by Defendants Galderma S.A. and Galderma Laboratories, L.P. (D.I. 117), Defendants Stuart Raetzman, Scott McCrea, Tiphany Lopez, and Alisa Lask (D.I. 119), Defendant Skin Nestlé Health Inc. (D.I. 121), and Defendant John Rogers (D.I. 125);

WHEREAS, objections to Report II were due by January 21, 2020, and none were filed;

WHEREAS, on January 21, 2020, Truinject sent an unsolicited letter to the Court stating that, in the event Report II is adopted, then Truinject intends to amend its Amended Complaint to address deficiencies identified in Report II[1] and further that "Truinject anticipates the Second Amended Complaint will contain multiple new claims against defendants" (D.I. 184);

WHEREAS, on January 23, 2020, Defendants Galderma S.A., Galderma Laboratories, L.P., Nestlé Skin Health, Inc., John Rogers, Stuart Raetzman, Tiphany Lopez, Scott McCrea, and Alisa Lask responded to Truinject's January 21, 2020 letter, arguing that Judge Hall's recommended scope of leave to amend is limited to the deficiencies identified in Report II, and, therefore, Truinject is not entitled to add "new claims" not pled in the Amended Complaint, without first seeking and obtaining leave to do so pursuant to Federal Rules of Civil Procedure 15(a) and 16(b) (*see* D.I. 185);

---

[1] Truinject states that it "will amend" with respect to "tortious interference; breach of contract against Nestlé Skin Health, Inc.; and breach of the implied covenant of good faith and fair dealing." (D.I. 184 at 1) Truinject is not clear as to whether its desired amendments will all be directed to Nestlé Skin Health, Inc. or also to other defendants. (*See id.*) ("Truinject anticipates the Second Amended Complaint will contain multiple new claims against defendants.") This ambiguity is among the reasons that Truinject will be required to file a motion for leave to amend if it wishes to expand this case (beyond correcting the deficiencies identified in Report II).

3

WHEREAS, the Court concludes that Report I and Report II should be adopted for the reasons stated by Judge Hall;

**NOW, THEREFORE, IT IS HEREBY ORDERED** that, for the reasons stated below, Truinject's Objection to Report I (D.I. 175) is **OVERRULED**, Report I (D.I. 169) is **ADOPTED**, and Nestlé Skin Health, S.A.'s motion to dismiss for lack of personal jurisdiction under Rule12(b)(2) (D.I. 123) is **GRANTED**.[2]

1. As an initial matter, the Court agrees with Nestlé Skin Health S.A. that Truinject failed to comply with the Court's Standing Order for Objections. (*See* Response at 1-2) Truinject's Objection failed to include a written statement certifying compliance with the Standing Order, and attaches five new exhibits which Truinject proceeds to rely on for new factual arguments that were not raised before Judge Hall. (*See* D.I. 176)[3] Truinject has filed a letter apologizing for its non-compliance with the Standing Order. (D.I. 182) The Court agrees that Truinject's non-compliance with the Standing Order is a sufficient basis for overruling its Objection. *See, e.g., Rogers v. Wilmington Trust Co.*, 2019 WL 4596650, at *2 (D. Del. Sept. 23, 2019) (adopting Magistrate Judge's recommendation due to objecting parties' failure to

---

[2] As Nestlé Skin Health, S.A.'s Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction is being granted, the Court need not address Nestlé Skin Health, S.A.'s alternative Rule 12(b)(6) motion to dismiss Counts I, V-VIII, XV, XVII-III, XXIV-XV (*see* D.I. 123).

[3] Nestlé Skin Health, S.A. also argues that Truinject's Objection improperly raises a new legal position by arguing that the Central District of California's transfer "mooted the motion for lack of personal jurisdiction." (Response at 2) In response, Truinject points to its briefing before Judge Hall in which it argued the transferring court purportedly determined that Nestlé Skin Health, S.A. was subject to the 2014 and 2016 CDAs and, thus, "collateral estoppel" applies to the instant motion for lack of personal jurisdiction. (*See* D.I. 182 at 1) (citing D.I. 131 at 7; D.I. 152 at 7-8) Because the Court has several other bases on which it is overruling Truinject's Objection and granting the motion to dismiss, this case does not require the Court to determine whether Truinject's collateral estoppel argument before the Magistrate Judge was a sufficient basis to allow a mootness argument before a District Judge.

submit written statement in compliance with Standing Order, even though Court disagreed with rationale of recommendation). Nevertheless, the Court will also analyze the merits of the Objection, and there finds further reason to overrule the Objection.

2. Having reviewed the pleadings and the arguments *de novo*, Truinject has failed to persuade the Court that Judge Hall erred in making the following observation: "In general, the Amended Complaint attempts to create the impression that Nestlé Skin Health, S.A.'s role was significant by collectively defining all of the Corporate Defendants as 'Nestlé Skin Health' in the Complaint." (Report I at 3 n.1) Further, the Court agrees that by "frequently refer[ring] to 'Defendants' without specifying a particular Defendant," it is "extremely difficult . . . to discern from the Amended Complaint which Defendant performed the alleged acts." (*Id.*; *see also id.* at 4-5 n.2 (noting example from oral argument in which counsel admitted that allegation in ¶ 103 of Amended Complaint quoted an email as referencing "at [Nestlé Skin Health]" when in fact the email actually says "at Galderma"); D.I. 163 at 130-31) "When a defendant challenges the court's personal jurisdiction, the plaintiff bears the burden to come forward with sufficient facts to establish that jurisdiction is proper." *Danzinger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129 (3d Cir. 2020). In this case, Truinject's group pleading has resulted in a complaint that fails to meet its burden to allege sufficient facts to establish that this Court may properly exercise personal jurisdiction over Nestlé Skin Health, S.A.[4]

---

[4] Truinject is plainly disappointed with certain of the language the Report used to characterize Truinject's pleading strategy. (*See, e.g.*, Objection at 1, 4-5, 6 & n.2 (counsel stating that in all his years of practice he has not been accused of playing tricks or intentional obfuscation), 10) The Court makes no finding as to Truinject's motivation for its definition of Defendants. However, even assuming Truinject's pleading is consistent with "the naming convention Defendants used with Truinject," Truinject's approach resulted in a deficient complaint.

5

3. The Court agrees with Report I that neither the 2014 nor 2016 CDAs confers personal jurisdiction over Nestlé Skin Health, S.A. through the forum selection clause. Nestlé Skin Health, S.A.'s status as an indirect corporate parent of Galderma Laboratories, L.P., the sole signatory to the CDAs, is insufficient to bind Nestlé Skin Health, S.A. to the Delaware forum selection clause, as a purported "affiliate," or due to receipt of a "direct benefit," or by virtue of being "closely related" to the CDAs. (*See* Report I at 17-24; *see also* Response at 3-9) Truinject fails to allege sufficient facts to establish that Galderma Laboratories, L.P. or its Vice President, Quintin Cassady, had actual or apparent authority to bind Nestlé Skin Health, S.A. (*See id.* at 17-19) Nor did Judge Hall err in her analysis and rejection of Truinject's contentions that Nestlé Skin Health, S.A. derived some "direct benefit" from disclosures to its Chief Financial Officer or was so "closely related" to the CDAs as to be bound by them. Truinject has not alleged the kind of "direct benefit" that Delaware courts have found sufficient to bind a non-signatory to a forum selection clause. *See, e.g., Baker v. Impact Holdings, Inc.*, 2010 WL 1931032, at *4 (Del. Ch. Ct. May 13, 2010) (finding right to seat on board of directors constituted direct benefit); *see also Neurvana Med., LLC v. Balt USA, LLC*, 2019 WL 4464268, at *4-7 (D. Del. Sept. 18, 2019) (collecting cases).

4. Truinject's argument that the Central District of California necessarily already decided Nestlé Skin Health, S.A. was bound by the Delaware forum selection clause in the CDAs in deciding to transfer the case here is also unavailing. (*See* Objection at 6-7) The transferring court undertook no personal jurisdiction analysis and expressly declined to determine whether any defendant, including Nestlé Skin Health, S.A., was an "affiliate" within the meaning of the 2014 or 2016 CDAs. (*See* D.I. 101 at 13 n.6) Contrary to Truinject's contention, it is evident that Judge Hall did fairly consider the transferring judge's ruling. (*See*

Report I at 12) The Court agrees with Judge Hall's determination that whether Nestlé Skin Health, S.A. is subject to personal jurisdiction in Delaware was an issue "reserved for the transferee court." (*Id.* at 25; *see also* D.I. 101)[5]

5. Finally, the Court agrees with Judge Hall that jurisdictional discovery is not warranted, for the reasons she has stated. (*See* Report I at 25-26)

**IT IS HEREBY FURTHER ORDERED** that:

1. Report II (D.I. 178) is **ADOPTED.**

2. Galderma, S.A. and Galderma Laboratories L.P.'s motion to dismiss (D.I. 117) is **GRANTED** with respect to Counts II, IV, VI, VIII, XI, XXIV, **DENIED** with respect to Count XXV, and **DENIED** with respect to Galderma, S.A.'s request to dismiss Count V and VII against it.

3. Nestlé Skin Health, Inc.'s motion to dismiss (D.I. 121) is **GRANTED** with respect to Counts I, V, VI, VII, VIII, XXIV and **DENIED** with respect to Counts XVI and XXV.

4. Defendant John Rogers' motion to dismiss (D.I. 125) is **GRANTED**.

5. Defendants Stuart Raetzman, Tiphany Lopez, Scott McCrea, and Alisa Lask's motion to dismiss (D.I. 119) is **GRANTED**.

6. Consistent with Report II, Truinject may file an amended complaint addressing the specific deficiencies identified by Judge Hall in Report II. Any such amended complaint must be filed no later than April 6 and shall not contain any new causes of action. If Truinject

---

[5] The transferring judge noted that some of the pending motions might be "mooted by transfer" (D.I. 101 at 1) but did not decide which, if any, were mooted. Judge Hall correctly concluded that Nestlé Skin Health, S.A.'s motion to dismiss was not moot.

wishes to expand this case beyond addressing the specific deficiencies noted in Report II, it must seek leave to amend and obtain Defendants' consent and/or be granted leave by the Court.

_____
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE