# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRUINJECT CORP., | |
| Plaintiff, | |
| v. | C.A. No. 19-592-LPS-JLH |
| GALDERMA, S.A., GALDERMA LABORATORIES, L.P., and NESTLÉ SKIN HEALTH, INC., | |
| Defendants. | |

## PLAINTIFF'S NOTICE OF THIRD-PARTY SUBPOENA TO BIODIGITAL, INC.

PLEASE TAKE NOTICE THAT pursuant to Federal Rule of Civil Procedure 45, Plaintiff Truinject Corp., by and through its counsel, intends to serve the attached Subpoena Duces Tecum on third party BioDigital, Inc., requesting documents and things to be produced on or before August 28, 2020, at the time and place identified in the subpoena, or at such other time and place as may be mutually agreed.

Dated:  August 6, 2020

SMITH, KATZENSTEIN & JENKINS LLP

/s/ Eve H. Ormerod
David A. Jenkins (No. 932)
Neal C. Belgam (No. 2721)
Kelly A. Green (No. 4026)
Eve H. Ormerod (No. 5369)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
djenkins@skjlaw.com
nbelgam@skjlaw.com
kgreen@skjlaw.com
eormerod@skjlaw.com

*Attorneys for Plaintiff Truinject Corp.*

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| TRUINJECT CORP., INC. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 19-00592-LPS-JLH |
| GALDERMA, S.A., GALDERMA LABORATORIES, L.P., NESTLÉ SKIN HEALTH, INC. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: BioDigital, Inc., Attn: Frank Sculli
594 Broadway, Suite 1101, New York, NY 10012

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached EXHIBIT "A."

| Place: U.S. Legal Support<br>90 Broad Street, #603<br>New York, NY 10004 | Date and Time:<br>08/28/2020 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/06/2020

*CLERK OF COURT*

OR

_____          /s/ K. Reed Willis
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Truinject Corp, Inc. , who issues or requests this subpoena, are:

Leo R. Beus, Beus Gilbert McGroder, PLLC, 701 N. 44th Street, Phoenix, AZ 85007, 480-429-3000, lbeus@beusgilbert.com

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 19-00592-LPS-JLH

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT "A"

## DEFINITIONS

1. Notwithstanding any definition set forth below, each word, term, phrase used in these requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

2. "You," or "Your" shall mean and refer to BioDigital, Inc., and any of their present and former officers, affiliates, divisions, subsidiaries, parent companies, holding companies, departments, predecessors, or successors-in-interest, including without limitation, all shareholders, partners, members, managers, associates, directors, administrators, agents, employees, investigators, attorneys, or other representatives, and all persons or entities acting or purporting to act on behalf of said parties., and shall include your attorneys, partners, employees, agents, officers, directors, and representatives.

3. "Plaintiff" or "Truinject" shall mean and refer to Plaintiff Truinject Corp., and shall include their present and former officers, affiliates, divisions, subsidiaries, parent companies, holding companies, departments, predecessors, or successors-in-interest, including without limitation, all shareholders, partners, members, managers, associates, directors, administrators, agents, employees, investigators, attorneys or other representatives, and all persons or entities acting or purporting to act on behalf of said parties.

4. "Ms. Rios" shall mean and refer to Gabrielle Rios, the CEO of Truinject.

5. "Galderma, S.A." shall mean and refer to Galderma, S.A., and shall include their present and former officers, affiliates, divisions, subsidiaries, parent companies, holding companies, departments, predecessors, or successors-in-interest, including without limitation, all shareholders, partners, members, managers, associates, directors, administrators, agents, employees, investigators, attorneys or other representatives, and all persons or entities acting or purporting to act on behalf of said parties.

6. "Galderma Labs" shall mean and refer to Galderma Laboratories, L.P., and shall include their present and former officers, affiliates, divisions, subsidiaries, parent companies, holding companies, departments, predecessors, or successors-in-interest, including without limitation, all shareholders, partners, members, managers, associates, directors, administrators, agents, employees, investigators, attorneys or other representatives, and all persons or entities acting or purporting to act on behalf of said parties.

7. "NSHI" shall mean and refer to Nestlé Skin Health, Inc., and shall include their present and former officers, affiliates, divisions, subsidiaries, parent companies, holding companies, departments, predecessors, or successors-in-interest, including without limitation, all shareholders, partners, members, managers, associates, directors, administrators, agents, employees, investigators, attorneys or other representatives, and all persons or entities acting or purporting to act on behalf of said parties.

8. "Nestle Skin Health Defendants" shall mean and refer to Nestlé Skin Health, Inc., Galderma, S.A., and Galderma Laboratories, L.P. in the matter *Truinject Corp., Inc. v. Galderma, S.A., Galderma Laboratories, L.P., Nestlé Skin Health, Inc.,*

Case. No. 19-00592-LPS-JLH, in the United States District Court for the District of Delaware (the "Litigation").

9. "Chamberlain" shall mean and refer to The Chamberlain Group, LLC, and shall include their present and former officers, affiliates, divisions, subsidiaries, parent companies, holding companies, departments, predecessors, or successors-in-interest, including without limitation, all shareholders, partners, members, managers, associates, directors, administrators, agents, employees, investigators, attorneys or other representatives, and all persons or entities acting or purporting to act on behalf of said parties.

10. "Sector 5" shall mean and refer to Sector 5 Digital, LLC, and shall include their present and former officers, affiliates, divisions, subsidiaries, parent companies, holding companies, departments, predecessors, or successors-in-interest, including without limitation, all shareholders, partners, members, managers, associates, directors, administrators, agents, employees, investigators, attorneys or other representatives, and all persons or entities acting or purporting to act on behalf of said parties.

11. "Training Technology" means injection training software and devices for medical providers, including but not limited to, the technology in the Asserted Patents, including Kate, Holly, LucyLive, or similar device.

12. The "'836 Patent" refers to U.S. Patent No. 9,792,836, titled "Injection Training Apparatus Using 3D Position Sensor," and issued by the Patent Office on October 17, 2017.

13. The "'231 Patent" refers to U.S. Patent No. 10,290,231, titled "Automated Detection of Performance Characteristics in an Injection Training System," and issued by the Patent Office on May 14, 2019.

14. The "'232 Patent" refers to U.S. Patent No. 10,290,232, titled "Automated Detection of Performance Characteristics in an Injection Training System," and issued by the Patent Office on May 14, 2019.

15. "Asserted Patents" means the '836 Patent, the '231 Patent and the '232 Patent.

16. "Related Patents" or "Related Patent Applications" refers to any patent or patent application that is owned or assigned to Truinject.

17. "Prior Art" means all categories of prior art that may apply under 35 U.S.C. §§ 102 and 103, including patents, applications, certificates, publications, documents, products, uses or activities related to the novelty or non-obviousness of the Asserted Truinject Patents.

18. "Request for Proposal (RFP)" means a document that solicits a proposal, often made through a bidding process, by an agency or company interested in procurement of a commodity, service, or valuable asset, to potential suppliers to submit business proposals.

19. "Request for Quote (RFQ)" means a solicitation for goods or services in which a company asks suppliers to submit a price quote and bid on the chance to fulfill certain tasks or projects. An RFQ, also known as an invitation for bid (IFB), is usually the first step in submitting a request for proposal (RFP).

20. "Statement of Work" means the narrative description of a project's work requirement such as project-specific activities, deliverables and timelines for a vendor providing services to the client.

21. "Document" or "Documents" means the complete original (or complete copy where the original is unavailable) and each non-identical copy (where different from the original because of notes made on the copy or otherwise) of any writing or record, including but not limited to all written, typewritten, handwritten, printed, electronic materials (including e-mail), or graphic matter of any kind or nature, however produced or reproduced, any form of collected data for use with electronic data processing equipment, and any mechanical or electronic visual or sound recordings, including, without limitation, e-mails, writings, drawings, graphs, charts, photographs, sound recordings, images, computerized databases, and other data or data compilations stored in any medium from which information can be obtained, now or formerly in your possession, custody or control, including all Documents as defined in the broadest sense permitted by the Federal Rules of Civil Procedure or the Federal Rules of Evidence. For the sake of clarity, "Document" or "documents" includes as an example patents, patent applications, presentations, slides, spreadsheets, letters, memoranda, writings, circulars, bulletins, manuals, speeches, analog or digital records, drawings, blueprints, books, accounts, journals, reports, agreements, cables, indices, diagrams, projections, advertising or marketing literature, pamphlets, forecasts, photographs, graphs, notes, notebooks, charts, minutes, notes or recordings of meetings, agendas, documents related to meetings, meeting invitees, records, minutes, reports or summaries of interviews, conversations,

telephone calls, conferences, investigations or negotiations, opinions or reports of consultants, appraisals, press releases, newspaper articles, mailing lists, contracts, drafts, calendars, day-timers, datebooks, messages, letters of credit, financial statements, invoices, statements of account, receipts, promissory notes, security agreements, deeds of trust, security instruments, loan agreements, credit and debit memoranda, cancelled checks and drafts, check stubs, securities ledgers, computer printouts, electronic messages, e-mails, correspondence, communications of any nature, summaries of records of conversations or conferences, reports, data sheets, specifications, sketches, reports, summaries of investigations or prior art searches and any results, discussions, or analysis thereof, opinions or reports of consultants or consulting engineers, and any tangible things.

22. "Communication" means any transmission of information by one or more persons and/or between two or more persons by means including, without limitation, telephone conversations, letters, telegrams, teletypes, telexes, telecopies, e-mail, text messages, other computer linkups, written memoranda, and face-to-face conversations.

23. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

24. "Including" means including but not limited to.

25. "Produce" means to provide legible, complete, and exact copies of responsive Documents to the undersigned counsel, or to make such Documents available to the undersigned counsel for inspection and reproduction.

26. "Relate to," "relates to," "Refers to," or "relating to" means relating to, referring to, mentioning, discussing, reflecting, containing, stating, describing, embodying, evidencing, constituting, dealing with, or making reference to in any way.

27. "Thing" shall mean any physical specimen or other tangible item other than a Document, in your possession, custody, or control.

28. The terms "all," "each," and "any" shall be construed as all and any.

29. The use of the singular form of any word shall include the plural form and vice versa.

## INSTRUCTIONS

1. You are instructed, pursuant to Rule 45, Fed.R.Civ.P., to produce all Documents or tangible things described below, subject to the place, date, and time requirements described in this subpoena.

2. This subpoena commands the production of any and all relevant Documents described herein within Your possession, custody or control, including Documents present in the files of any and all successors in interest, past or present agents, representatives, employees, attorneys, or accountants.

3. Unless otherwise indicated, these requests call for the production of Documents dated or created on or after, or received by You on or after January 1, 2014, through the present.

4. With respect to any Documents withheld in whole or in part from discovery on a claim of privilege or work product protection, provide a privilege log within 30 days, setting forth, with respect to each Document withheld: (1) the name of

each author; (2) the name of each direct recipient, carbon copy recipient, and blind carbon copy recipient; (3) the name of each Person to whom the original or any copy was sent; (4) the employer and job title of each Person listed in (1), (2), and (3); (5) the date or dates appearing on each Document; (6) a description of the nature and subject matter of the Document sufficient for the counsel for Truinject to assess the applicability of any privilege; and (7) the type of privilege claimed.

5.  For any privilege claim related to chain emails, provide the information specified in Instruction 4 above for each link in the chain over which You claim privilege and produce the remainder, redacting any material for which You claim privilege. If You claim privilege over the entire email chain, provide the details specified in Instruction 4 above for each link in the chain and identify the email that each link is part of.

6.  If any Documents requested herein have been lost, discarded, or destroyed, including Documents not produced based upon a claim of privilege, identify such Documents as completely as possible, including: (a) the date of disposal or loss; (b) the Person who authorized the disposal; (c) any Person having knowledge of the disposal or loss; (d) the Person who disposed of the Document; and (e) the reason for the disposal or loss.

7.  If, for reasons other than a claim of privilege, You refuse to produce any Document requested, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

8.  If You contend that any request is overly broad and/or unduly burdensome, identify all aspects of the request that are not overly broad or unduly burdensome and produce the Documents that are responsive to such aspects of the request.

9.  Each requested Document shall be produced in its entirety. If a Document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

10. Documents shall be produced regardless of how they are stored. Electronically stored information shall be produced pursuant to Instructions 11 and 12 below. Hard copy Documents shall be produced pursuant to Instruction 13 below.

11. Responsive electronically stored information shall be imaged and affixed with a unique Bates stamp identifier. Electronically stored information shall also be produced with a load file, which includes metadata to the extent metadata is reasonably available and accessible. Specifically, the load file should include sufficient information to identify the custodian of a Document, the beginning and end of a Document, the beginning and end of families of Documents, the file name for the Document, the date and time standalone files were created and modified, the author of standalone files, the date and time emails were sent and received, and the to, from, CC, and BCC information for emails.

12. Files created by Microsoft Excel or other spreadsheet programs ("Spreadsheets") that cannot be reasonably utilized in an imaged format shall be

produced natively. Spreadsheets produced natively shall be accompanied by a placeholder image indicating that the Document was produced in native format and shall include a Bates stamp. Responsive information contained in large databases and enterprise systems may be produced as Excel spreadsheets or as similar reports or data tables using the same criteria for production as Spreadsheets.

13. Responsive hard copy Documents shall be imaged and affixed with a unique Bates stamp identifier. Hard copy Documents shall be produced with a metadata load file which includes sufficient information to identify the Document custodian, the beginning and end of a Document, and the beginning and end of families of Documents.

## RELEVANT TIME PERIOD

The relevant time period of these document requests, unless otherwise indicated, shall be from January 1, 2013, through the present ("Relevant Time Period"), and shall include all documents and information which relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated or received prior to or subsequent to that period.

## DOCUMENTS TO BE PRODUCED

1. Any and all Documents in Your possession relating or referring to the Holly smart cadaver device.

2. Any and all Documents in Your possession relating or referring to LucyLive.

3. Any and all Documents in Your possession relating to any Communication between you and Nestlé S.A., Nestlé Skin Health, Inc., Nestlé Skin Health, S.A., Galderma Labs and/or Galderma, S.A., or any of their affiliates, concerning facial injection training technology.

4. Any and all Documents in Your possession relating to any Communications between you and Chamberlain, including but not limited to any Communications between You and Chamberlain relating to Plaintiff, Holly, LucyLive and/or any facial injection training technology.

5. Any and all Documents in Your possession relating to any Communications between you and Sector 5, including but not limited to any Communications between You and Sector relating to Plaintiff, Holly, LucyLive and/or any facial injection training technology.

6. Any and all Documents in Your possession relating or referring to any engagements between you and Nestlé S.A., Nestlé Skin Health, Inc., Nestlé Skin Health, S.A., Galderma Labs and/or Galderma, S.A., or any of their affiliates, including but not limited to non-disclosure agreements, confidentiality agreements, agreements to assign and/or license intellectual property, and agreements for work-for-hire, revenue and/or profit projections relating to your work for Nestlé S.A., Nestlé Skin Health, Inc., Nestlé Skin Health, S.A., Galderma Labs and/or Galderma, S.A. and relating to Holly and LucyLive.

7. Any and all Documents in Your possession relating to any Communications between you and Sector 5, including but not limited to any Communications between

You and Sector 5 relating to Plaintiff, Holly, LucyLive and/or any facial injection training technology.

8. Any and all Documents in Your possession relating or referring to any Communication between You and any parts suppliers, vendors or parts wholesalers used in the production of Holly and LucyLive.

9. Any and all Documents in Your possession relating or referring to Plaintiff, including but not limited to the Asserted Patents, Related Patents, financial forecasts, designs, technical specifications, business plans, and price quotes from suppliers and/or contract manufacturers and communications about Plaintiff with Nestlé S.A., Nestlé Skin Health, Inc., Nestlé Skin Health, S.A., Galderma Labs and/or Galderma, S.A. and any other parties.

10. Any and all Documents in Your possession relating or referring to the syringe used on Holly.

11. Any and all Documents in Your possession relating or referring to the tracking system used on Holly.

12. Any and all Documents in Your possession relating or referring to digital anatomical models.

13. Any and all Documents in Your possession relating or referring to subdermal injections of neurotoxins.

14. Any and all Documents in Your possession relating or referring to subdermal injections of dermal fillers.

15. Any and all invoices or billings directed to Nestlé S.A., Nestlé Skin Health, Inc., Nestlé Skin Health, S.A., Galderma Labs and/or Galderma, S.A. relating to Holly.

16. Any and all Documents in Your possession referring or relating to payments made by Nestlé S.A., Nestlé Skin Health, Inc., Nestlé Skin Health, S.A., Galderma Labs and/or Galderma, S.A. to you.