IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Truinject Corp., | : |
| Plaintiff, | : |
| v. | : C.A. No. 19-592-LPS-JLH |
| Galderma, S.A., Galderma Laboratories, L.P., and SHDS, Inc. (f/k/a Nestlé Skin Health, Inc.), | : |
| Defendants. | : |

## MEMORANDUM ORDER

At Wilmington this **20th** day of **November, 2020**:

WHEREAS, Magistrate Judge Hall issued a Report and Recommendation, dated June 18, 2020, recommending constructions for 19 disputed claim terms (D.I. 224) ("Report"), including "information describing the training injection" (U.S. Patent No. 10,290,231 ("the '231 patent") claim 6), which Judge Hall found indefinite, and "information describing the training session" ('231 patent, claim 12), which she also found indefinite (for lack of antecedent basis) (*see* Report at 14-17);

WHEREAS, independent claim 6 of the '231 patent teaches a method to analyze a collection of injection training data, including "information describing the training injection," and claim 12, which depends on claim 6, states that "the information describing the training session" comprises a "training date and time; a training location; a trainee identity; a training session duration; a training score; an[] injection time; and a pass/fail determination;"

WHEREAS, during prosecution of the '231 patent, the patentee replaced the phrase "training session" with "training injection" in independent claim 6 to overcome the Examiner's prior art rejection, but did not make the same amendment to claim 12 (*see* D.I. 225 at 2-3; D.I. 210 at 61 (citing U.S. Application No. 14/645,997 File History, Final Rejection at 6, 9, 11 (July 25, 2017); *id.* Claims at 5, 7-8 (Nov. 3, 2017));

WHEREAS, on July 2, 2020, Plaintiff Truinject Corp. ("Plaintiff") objected to Magistrate Judge Hall's indefiniteness recommendations, arguing that the prosecution history of the '231 patent reflects an "obvious" error in claim 12, warranting correction by the Court (i.e., to change "training session" to "training injection"), and that such correction will create any necessary antecedent basis, overcoming the indefiniteness concerns identified in the Report (D.I. 225 at 4-5) ("Objection");

WHEREAS, Plaintiff has not objected to any other recommended construction in the Report;

WHEREAS, on July 13, 2020, Defendants Galderma S.A., Galderma Laboratories, L.P., and SHDS, Inc. (f/k/a Nestlé Skin Health, Inc.) (collectively, "Defendants") responded to the Objection (D.I. 232) ("Response");

WHEREAS, the Court has considered the Objection *de novo*, *see St. Clair Intellectual Property Consultants, Inc. v. Matsushita Elec. Indus. Co., Ltd.*, 691 F. Supp. 2d 538, 541-42 (D. Del. 2010) ("Objections to the magistrate judge's conclusions with regard to the legal issue of claim construction are reviewed *de novo*."); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b);

**NOW, THEREFORE, IT IS HEREBY ORDERED** that, for the reasons stated below, Plaintiff's Objection (D.I. 225) is **OVERRULED** and the Report (D.I. 224) is **ADOPTED**.

1. A "district court can correct a patent only if (1) the correction is not subject to reasonable debate based on consideration of the claim language and the specification and (2) the prosecution history does not suggest a different interpretation of the claims." *Novo Indus., L.P. v. Micro Molds Corp.*, 350 F.3d 1348, 1357 (Fed. Cir. 2003); *see also I.T.S. Rubber Co. v. Essex Rubber Co.*, 272 U.S. 429, 441-42 (1926) (holding that obvious errors in patent can be corrected by district court construing patent).

2. Plaintiff has failed to show there is an error in claim 12 of the '231 patent that the Court can correct, consistent with the standards set out in *Novo*. Rather, the Court agrees with Judge Hall that Plaintiff's own arguments undermine its request to have the Court replace "training session" in claim 12 with "training injection." (D.I. 224 at 17) Plaintiff's principal claim construction position was that "[i]nformation describing the training injection [in claim 6] is . . . ***different from*** information describing the training session [in claim 12]." (D.I. 210 at 57) (emphasis added) Specifically, Plaintiff argued that "information describing the training injection" means "data describing the training syringe or training apparatus during the training injection" (*id.*), which differs from the type of data identified in dependent claim 12, which includes "training date and time; a training location; a trainee identity; a training session duration; a training score; an[] injection time; and a pass/fail determination." (D.I. 232 at 4) Plaintiff even presented expert opinion to support the contention that "a POSA would understand that 'information describing the training *injection*' would be different from 'information describing a training *session*.'" (D.I. 211 Ex. C at 8, ¶ 34; *see also id.* at ¶¶ 32-27)

3. Consequently, the Court entirely agrees with Judge Hall, who reasoned: "the problem with [Plaintiff's position] is that the information comprising the training session in dependent claim 12 is information that [Plaintiff] itself argues is different information than what

3

is covered by the phrase 'information describing the training session.' . . . . [Accordingly,] it's clear that the issue is subject to debate." (D.I. 224 at 17; *see also* Response at 1 ("[B]oth the prosecution history and Truinject's own contradictory positions confirm that Truinject's proposed correction is subject to debate."))

**IT IS FURTHER ORDERED** that Judge Hall's August 28, 2020 Report and Recommendation (D.I. 250), recommending that the Court grant Defendants' motion to dismiss (D.I. 215) Count VIII (tortious interference) and deny Defendants' motion to dismiss Count XVI (California unfair competition) of the operative Second Amended Complaint (D.I. 204), to which no party filed objections, is **ADOPTED,** for the reasons stated by Judge Hall. Defendants' motion (D.I. 215) is **GRANTED** with respect to Count VIII and **DENIED** with respect to Count XVI. Count VIII is **DISMISSED** without prejudice to Plaintiffs filing another amended complaint, solely to amend Count VIII. Such amendment must be filed no later than December 11, 2020.

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

4