IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRUINJECT CORP., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GALDERMA, S.A., GALDERMA ) <br> LABORATORIES, L.P., and NESTLÉ SKIN ) <br> HEALTH, INC., ) <br> ) <br> Defendants. ) | C.A. No. 19-592-LPS-JLH |
| TRUINJECT CORP., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NESTLÉ, S.A., NESTLÉ SKIN HEALTH, S.A., ) <br> GALDERMA, S.A., GALDERMA ) <br> LABORATORIES, L.P., NESTLÉ SKIN ) <br> HEALTH, INC., JOHN ROGERS, STUART ) <br> RAETZMAN, SCOTT MCCREA, ALISA ) <br> LASK, WARREN J. WINKELMAN, PIERRE ) <br> STREIT, QUINTIN CASSADY, PER LANGÖ, ) <br> HANH PHAM, ERICK BRENNER, and ) <br> TIPHANY LOPEZ, ) <br> ) <br> Defendants. ) | C.A. No. 20-1675-LPS-JLH |

**MEMORANDUM ORDER**

As announced at the hearing on September 14, 2021, the Court GRANTED-IN-PART and DENIED-IN-PART Plaintiff Truinject Corp.'s ("Truinject's" or "Plaintiff's") Motion for Leave to File a Third Amended Complaint. (C.A. No. 19-592, D.I. 293; C.A. No. 20-1675, D.I. 74.) The Court's ruling was announced from the bench at the conclusion of the hearing as follows:

> This is my ruling on plaintiff's motion for leave to file a third amended complaint. (C.A. No. 19-592, D.I. 293; C.A. No. 20-1675, D.I. 74.) I will not be issuing a separate written opinion, but I will issue a written order that incorporates a transcript of my oral ruling

today. And I want to emphasize before I begin that, while I'm not issuing a separate written opinion, we have followed a full process for making the decision that I'm about to state.

We have reviewed the procedural history of this case. We reviewed the proposed third amended complaint. We reviewed the parties' letter briefing on the motion and accompanying exhibits. We looked at the Texas judge's opinion, and we heard argument today. As I stated earlier, I'm not considering slides from the parties' slide decks that were not used during their presentations today, nor did I or will I consider documents referenced in slides that weren't presented with the briefing.

For the reasons I will discuss, plaintiff's motion to amend will be GRANTED-IN-PART and DENIED-IN-PART.

Although the procedural history of these cases is lengthy, a summary of what has happened so far is relevant to the resolution of this motion.

Plaintiff Truinject originally filed suit against certain defendants on October 12, 2018 in the Central District of California. (C.A. No. 19-592, D.I. 1.)[1] The case was subsequently transferred to this Court. (D.I. 101.) And it's pending under Civil Action No. 19-592.

On May 29, 2019, plaintiff filed a first amended complaint ("FAC"), alleging 25 counts against four corporate defendants and five individual defendants. (D.I. 112.) Defendant Nestlé Skin Health, S.A. filed a motion to dismiss for lack of personal jurisdiction (D.I. 123), and all of the defendants filed motions to dismiss for failure to state a claim with respect to at least certain claims against them. (D.I. 117, D.I. 119, D.I. 121, D.I. 125.)

On March 17, 2020, this Court granted Nestlé Skin Health S.A.'s motion to dismiss for lack of personal jurisdiction. (D.I. 193, *adopting* D.I. 169.) The Court also denied jurisdictional discovery. That same day, the Court dismissed all claims against the individual defendants and numerous claims against the corporate defendants. (D.I. 193, *adopting* D.I. 178.)

The Court granted plaintiff leave to amend to fix the deficiencies, but it directed that plaintiff would be required to file a motion for leave to amend if it wished to expand the case. (D.I. 193.)

---

[1] Unless indicated otherwise, citations to the docket refer to C.A. No. 19-592.

On April 8, 2020, Truinject filed a second amended complaint ("SAC") (D.I. 198), and it filed a corrected version on April 30, 2020. (D.I. 204.) The SAC attempted to correct certain deficiencies that had been identified by the Court. On May 28, 2020, certain defendants moved to dismiss certain counts of the SAC. (D.I. 215.) On November 20, 2020, the Court dismissed certain claims. (D.I. 264.)

Meanwhile, the parties agreed to and the Court entered a scheduling order that set forth a deadline for amendment of pleadings. That deadline was November 15, 2019. (D.I. 165 ¶ 2.) Although the parties [subsequently] requested to amend various deadlines in the scheduling order, the deadline for amendment of pleadings was never changed. (D.I. 167.) Because of that deadline, the Court had granted plaintiff leave to amend its pleadings following its rulings on the motions to dismiss solely to address the deficiencies identified regarding issues and claims already in the case. The Court said that if plaintiff wished to amend with respect to other claims, it needed to satisfy Federal Rules of Civil Procedure 15 and 16.

In April 2020, plaintiff filed a letter with this Court indicating that it intended to file suit against defendants in Texas. (D.I. 202.)

In June 2020, plaintiff filed a complaint in the Eastern District of Texas against defendants that were already before this Court and additional defendants. The Texas defendants filed a motion seeking to dismiss that action or in the alternative to transfer the action to this Court. (No. 20-1675, D.I. 42.) The Texas court transferred the case here. (*Id.*, D.I. 59.) In so doing, it stated that [1] "[t]he case in the District of Delaware and the case currently before the Court [in Texas] were brought against almost identical individuals and entities"; [2] "[b]oth cases center around the same operative facts"; and [3] "the causes of action alleged in the complaint filed in the District of Delaware square almost exactly with the causes of action in [the Texas] case." (*Id.* at 4-5.)

Following transfer, the parties submitted joint proposals under Local Rule 81.2 about how the case should proceed in this court. (*Id.*, D.I. 70.) Truinject proposed that the former Texas action should be consolidated with the 19-592 case pending in this court. (*Id.* at 5.) Defendants argued that the new action should either be dismissed or that plaintiff should be required to file a motion seeking leave to amend and demonstrate good cause for its amendment. (*Id.* at 9.) Judge Stark issued an oral order stating that "should Truinject

3

wish to proceed on any of the claims transferred from the Eastern District of Texas, it is required to file a motion seeking leave to amend its operative complaint in related action C.A. No. 19-592, and must satisfy the standards for prevailing on such a motion." (*Id.*, D.I. 72.)[2]

Plaintiff filed [the pending] motion seeking leave to file a third amended complaint in C.A. No. 19-592. (No. 19-592, D.I. 293; No. 20-1675, D.I. 74.) The third amended complaint includes numerous additional factual allegations, claims, and defendants. The parties agreed during the hearing today that Exhibit 1 to defendants' letter accurately summarizes the new claims and defendants and I incorporate it into my ruling today. (*See* D.I. 301, Ex. 1 (attached hereto as Exhibit 1).)

Rule 15(a)(2) governs amendments requiring leave of court.[3] Although Rule 15(a)(2) states that leave should be freely given, when a party seeks leave to amend after an amendment deadline set forth in a scheduling order, Rule 16(b) is also implicated. According to Rule 16(b)(4), a scheduling order may only be modified for good cause.[4] "Good cause is present when the schedule cannot be met despite the moving party's diligence."[5] "[T]he good cause standard under Rule 16(b) hinges on diligence of the movant."[6] "Courts have

---

[2] The Court's order is consistent with how courts have resolved instances of claim splitting. *See, e.g.*, *Walton v. Eaton Corp.*, 563 F.2d 66, 70–71 (3d Cir. 1977) ("[T]he court must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints . . . ."); *Leonard v. Stemtech Int'l, Inc.*, No. 12-86-LPS-CJB, 2012 WL 3655512, at *8 (D. Del. Aug. 24, 2012) ("[V]ery often the doctrine of claim-splitting applies to bar a plaintiff from filing a new lawsuit after the court in an earlier action denied leave to amend the complaint to add those same claims."), *report and recommendation adopted,* 2012 WL 4591453 (D. Del. Sept. 28, 2012).

[3] Fed. R. Civ. P. 15.

[4] Fed. R. Civ. P. 16(b)(4).

[5] *iCeutica Pty Ltd v. Novitium Pharma LLC*, No. 18-599-CFC, 2019 WL 4604029, at *1 (D. Del. Sept. 23, 2019) (internal quotations omitted).

[6] *Genentech, Inc. v. Amgen Inc.*, No. 17-1407-CFC, 2020 WL 708113, at *1 (D. Del. Feb. 12, 2020).

4

found that good cause is not shown when a party was aware of the facts that would lead it to amend and failed to act on [them]."[7]

If good cause is shown, we may proceed to the analysis under Rule 15(a)(2). "The factors to consider in weighing a motion for leave to amend are well-settled: (1) whether the amendment has been unduly delayed; (2) whether the amendment would unfairly prejudice the non-moving party; (3) whether the amendment is brought for some improper purpose; and (4) whether the amendment is futile."[8]

As I stated at the beginning of the hearing, my ruling today pertains only to the question of which claims and which defendants plaintiff has shown good cause to add to the 19-592 case. After my ruling today, the parties should meet and confer regarding which claims should be dismissed from the 20-1675 action because they are going to proceed in the 19-592 action. And they should submit a stipulation to dismiss those claims from the 20-1675 [action].

As for the rest of the claims for which the Court finds that good cause has not been shown to add them to 19-592, the parties should meet and confer about what should happen to them. I am not going to order or recommend any dismissal of those claims today. But my inclination is to stay those claims until final judgement is entered in 19-592 unless the parties agree that it makes sense for the Court to hear Rule 12 motions on those claims now.

I'll start with the claims plaintiff seeks to add against new party Nestlé S.A. Plaintiff stated during the oral argument today that it has not argued that there is good cause to add new claims against that new defendant in the 19-592 action. Accordingly, claims against Nestlé S.A. will not be added to 19-592.

Moving on to Nestlé Skin Health, S.A. The original claims against Nestlé Skin Health, S.A. in the Delaware complaint were dismissed from 19-592 on the basis of this Court's ruling that it lacked personal jurisdiction over Nestlé Skin Health, S.A. and that jurisdictional discovery was not warranted based on the record before it.

---

[7] *Glaxosmithkline LLC v. Glenmark Pharms. Inc.*, No. 14-877-LPS-CJB, 2016 WL 7319670, at *1 (D. Del. Dec. 15, 2016) (internal quotations omitted).

[8] *Butamax Advanced Biofuels LLC v. Gevo, Inc.*, No. 11-54-SLR, 2012 WL 2365905, at *2 (D. Del. June 21, 2012) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

5

Truinject contends that it received documents in 2020 suggesting that this Court does in fact have jurisdiction over Nestlé Skin Health, S.A. in Delaware pursuant to the forum selection clause in the CDAs. Truinject purportedly received that information in May 2020, but rather than filing a motion in this Court to reconsider its prior ruling on jurisdiction, it filed a new action in Texas against Nestlé Skin Health, S.A. and various other defendants [setting forth] the same or similar allegations that were already pending before this Court.

To be clear, this is not a situation where the claims against [Nestlé Skin Health] S.A. were dismissed [in Delaware] for lack of jurisdiction and plaintiff is arguing to me now that it rightly went to Texas because the court had jurisdiction in Texas. Plaintiff is arguing to me today that the Court in Delaware has jurisdiction and that the Court got it wrong in its original jurisdictional ruling. Had Truinject wanted to make that argument to this Court, the time to do so was back when it allegedly found the new information. Having failed to act then, I cannot conclude now that Truinject has acted diligently. Accordingly, I conclude that there is not good cause to amend to add claims against Nestlé Skin Health, S.A.

Moving on to the new claims against individual defendants.

I note that the FAC had claims against five individual defendants. (D.I. 112.) The Court dismissed the fraud and aiding and abetting claims because they were preempted by DUTSA [6 Del. C. § 2001, *et seq.*]. (D.I. 193 *adopting* D.I. 178.) Despite indicating that it was going to substitute trade secret claims in for the fraud claims, plaintiff did not seek leave to amend to assert trade secret misappropriation claims against those five individual defendants prior to filing the SAC, and the SAC did not include claims against those five individual defendants. (D.I. 204.)

Now, Truinject is seeking leave to assert trade secret misappropriation and unfair competition claims against those five individuals and eight new individual defendants. (D.I. 294, Ex. 1.) Truinject's letter brief did not address those claims. It has provided this Court no basis to find good cause to amend to add those defendants. That alone is grounds for me to deny the motion to amend to assert those claims against the individual defendants.[9] In

---

[9] It appears that the impetus for Truinject to assert the trade secret misappropriation claims against the five original individual defendants was the Court's dismissal of the fraud claims against those defendants (because they were preempted by DUTSA), rather than the discovery of new

sum, I don't find good cause for Truinject's proposed amendments relating to the individual defendants.

Moving on to plaintiff's reassertion of various contract claims against Nestlé Skin Health, Inc. Truinject seeks leave to amend to add breach of contract claims against Nestlé Skin Health, Inc. under the 2016 and 2017 CDAs. Again, no mention of those claims is included in Truinject's letter. Thus, there is no basis for me to find good cause to amend. To the extent that the reason for Truinject's proposed amendment arises from the documents that were allegedly received in May 2020 concerning authority to sign the contracts on behalf of additional entities, for the same reasons discussed above with respect to Nestlé Skin Health, S.A., I conclude that Truinject failed to act diligently to seek amendment. In sum, I cannot conclude that there is good cause to amend to add the breach of contract claims against Nestlé Skin Heath, Inc.

Truinject is also seeking to add Galderma Labs to the breach of the 2014 ENA claim. That claim is not discussed in its letter briefing, and I do not find good cause to amend.

Truinject also seeks leave to amend to assert its three patent infringement claims and its trade dress infringement claim against Nestlé Skin Heath, S.A., Galderma, S.A., and Galderma Labs. As discussed above, leave is not granted with respect to Nestlé Skin Heath, S.A. for any claim.

With respect to the Galderma defendants, according to Truinject, [the FAC] asserted [the patent and trade dress] claims solely against Nestlé Skin Heath, Inc. based on defense counsel's representations that only Nestlé Skin Heath, Inc. was involved in the development of the accused products. Truinject says it now has information suggesting that development of the accused products began before Nestlé Skin Heath, Inc. was even in existence as a company, and it seeks leave to amend to make sure that it has all of the appropriate defendants for all of the appropriate time periods

---

evidence. The appropriate time for plaintiff to have amended to add the trade secret misappropriation claims would have been when the Court adopted my initial Report and Recommendation on March 17, 2020. (*See* D.I. 193.) And, indeed, plaintiff indicated at that time that it planned add trade secret misappropriation claims, again suggesting that additional evidence was not needed to assert those claims. Instead, however, Truinject waited until June 2020 to file those claims in the Eastern District of Texas. Under these circumstances, I cannot conclude that Truinject acted diligently.

7

I appreciate plaintiff's concern, and I find good cause for amendment. Importantly, the new defendants are already before this court and there is little prejudice to defendants. Defendants may be right that plaintiff could have moved faster in amending, and they may also be right that for various reasons there is or can be no liability, but under the circumstances, where those claims were originally asserted against the Galderma defendants and only dropped based on defense counsel's request, I find there is good cause and granting leave to amend is appropriate. If, in fact, the Galderma entities had no involvement in patent infringement or trade dress infringement activity, it should be easy to deal with those claims on summary judgment, but I'm not prepared to make that ruling now.

Finally, I will consider the attempted monopolization claim and the California Cartwright Act claim, both of which are appearing for the first time in the proposed third amended complaint.

Truinject claims to have acted diligently to assert those claims, but the record does not support that contention. In fact, the allegations contained in the proposed third amended complaint directly contradict that contention. For example, in the proposed third amended complaint, Truinject admitted it had notice of the underlying facts giving rise to the antitrust claim in mid-2018. (D.I. 294-1 at 143.) According, I cannot conclude on this record that Truinject acted diligently. Having found no good cause to amend, [Truinject is not] granted leave to amend to include its attempted monopolization and Cartwright Act claims.

To sum up, plaintiff is granted leave to add the existing Galderma defendants to its patent infringement and trade dress claims in the 19-592 case. Plaintiff is denied leave to add the remainder of the claims to the proposed third amended complaint in 19-592. The parties should meet and confer about which of the remaining claims should be dismissed from 20-1675 because they are being litigated in 19-592. The parties should also meet and confer about what to do with the rest of the claims and submit a status report in the 20-1675 case within two weeks.

Dated: September 24, 2021

_____
The Honorable Jennifer L. Hall
United States Magistrate Judge