IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRUINJECT CORP, <br><br> Plaintiff, <br><br> v. <br><br> GALDERMA S.A., <br> et al., <br><br> Defendants. | C. A. No. 19-00592-GBW |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff Truinject Corp.'s ("Truinject's") Objections to the Report and Recommendation on Plaintiff's Motion for Leave to Amend the Complaint. D.I. 360. On September 28th, 2021, Judge Hall issued a Memorandum Order granting-in-part and denying-in-part Truinject's motion for leave to file a third amended complaint. D.I. 358. Truinject objects to Judge Hall's ruling, which denied (1) leave to add breach of contract claims against new party Nestle Skin Health, S.A. ("NSH"), (2) leave to add antitrust claims against Nestle S.A., Nestle Skin Health, S.A., Nestle Skin Health, Inc., Galderma Laboratories L.P. ("Galderma,") and Galderma S.A. (collectively, "Defendants") and (3) production of employee files for sixteen individuals. For the following reasons, Truinject's objections to the Memorandum Order on Plaintiff's Motion for Leave to File a Third Amended Complaint are overruled and the Memorandum Order is adopted in its entirety. D.I. 358.

1

## I. LEGAL STANDARD

The Court reviews rulings of a Magistrate Judge on non-dispositive motions under a clearly erroneous standard. Dispositive recommendations are reviewed *de novo*. Fed. R. Civ. P. 72; *Kenny v. United States*, 489 Fed. Appx. 628, 630 n.2 (3d Cir. 2012). Motions for leave to amend are typically non-dispositive. *Id*. However, motions for leave to amend that, in practice, result in dismissal may be treated as dispositive motions. *Id.*; *see also Paoli v. Stetser*, C.A. No. 12-66-GMS-CJB, 2013 WL 2154393 at *1 n.1 (D. Del. May 16, 2013), *report and recommendation adopted*, (D. Del. June 10, 2013).

The decision denying document production was non-dispositive. Thus, the Court reviews that decision under a clearly erroneous standard. For purposes of this motion, the Court will treat the recommendation denying leave to amend as dispositive. Thus, the Court reviews that decision *de novo*. The Court concludes that Judge Hall's Memorandum Order should be adopted in its entirety.

## II. Truinject's Motion for Leave to Amend the Complaint

Truinject argues it should have been granted leave to amend and add claims against NSH. D.I. 360 at 2. A party seeking leave to amend its pleading or add new parties after the scheduling deadline must meet the "good cause" requirement in Rule 16(b)(4). Fed. R. Civ. P. 16(b)(4). "Good cause exists if the Schedule cannot reasonably be met despite the diligence of the party seeking the extension" and "hinges on diligence of the movant." *Scott v. Vantage Corp.*, 336 F. Supp. 3d 366, 372 (D. Del. 2018) (internal citations omitted). If good cause is shown, the court next considers whether leave to amend is appropriate under Rule 15(a)(2). In doing so, courts consider (1) whether the amendment has been unduly delayed; (2) whether the amendment would

unfairly prejudice the non-moving party; (3) whether the amendment is brought for some improper purpose; and (4) whether the amendment is futile. Fed. R. Evid. 15(a)(2).

Truinject sought to amend its complaint after the deadline set forth in the scheduling order. D.I. 358 at 3. Truinject argues leave to amend should have been granted because it acted diligently with respect to asserting (1) personal jurisdiction over NSH, (2) contract claims against NSH, and (3) attempted monopolization and Cartwright Act claims against NSH.

### a. Truinject was not Diligent in Asserting Personal Jurisdiction over NSH

Truinject argues it was diligent in seeking leave to add claims against NSH because it informed the Court that it planned to file suit in Texas after learning facts suggesting the Court had personal jurisdiction over NSH. D.I. 360 at 4. Judge Hall initially held that the Court did not have personal jurisdiction over NSH because Galderma lacked apparent authority to bind NSH. *Id.* at 2. Truinject now argues Defendants misrepresented Galderma's apparent authority. *Id.* Truinject claims it first learned of this alleged misrepresentation through documents produced by Defendants on May 20, 2020. *Id.* at 3. Truinject contends these documents establish that a Galderma employee, Peter Nicholson, possessed authority to bind NSH because Mr. Nicholson was an NSH officer by March 11, 2015. *Id.*

Truinject lacks good cause to amend its complaint because Truinject was not diligent with pursuing its claims in this Court. Truinject alleges it learned this Court has jurisdiction over NSH on May 20, 2020. *Id.* Instead of filing a motion for reconsideration in this Court, Truinject filed a new action against NSH in Texas. Truinject argues it chose to file in Texas to preserve the statute of limitation on its antitrust case and to "keep all claims in one lawsuit." *Id.* at 3. Truinject contends that it acted diligently in this Court because Truinject informed the Court by letter on April 20, 2020 of its intention to file in Texas. *Id.* at 4. Filing an action in Texas did not preclude Truinject

3

from seeking reconsideration on the jurisdictional issue in this court. As such, Truinject did not pursue its claims against NSH in this Court diligently.

Accordingly, the Court finds Truinject did not pursue its claims against NSH in this Court diligently. Thus, Truinject lacks good cause to amend its pleading to add claims against NSH.

### b. Truinject was not Diligent in Asserting its Breach of Contract Claims Against NSH

Truinject further argues that it has good cause to amend the complaint to include breach of contract claims against NSH because of Defendants' alleged misrepresentations. D.I. 360 at 4. Truinject argues that the Court previously granted leave to amend and add claims against Galderma after Defendants misrepresented Galderma's role in the development of Defendant's allegedly infringing product. *Id.* Truinject argues that the Court should apply the same standard here and grant leave to amend and add claims against NSH. *Id.*

For the same reasons discussed above, Truinject failed to diligently pursue its claims against NSH. Judge Hall found good cause for amendment with respect to defendant Galderma because this defendant was already before the Court. D.I. 358 at 3. Therefore, adding claims against Galderma was unlikely to cause prejudice. *Id.* The same cannot be said for NSH in this action because of Truinject's failure to diligently pursue jurisdiction over NSH in this Court.

Accordingly, the Court finds Truinject lacks good cause to amend its pleading to add breach of contract claims against NSH.

### c. Truinject was not Diligent in Asserting its Antitrust Claims Against Defendants

Truinject argues that the Court misapplied the law in holding Truinject did not act diligently in pursuing its attempted monopolization and Cartwright Act claims. D.I. 360 at 5.

4

Judge Hall ruled that Truinject failed to act diligently because Truinject had notice of the underlying facts giving rise to their antitrust claim in mid-2018. D.I. 358 at 8. Truinject did not seek to amend its complaint until Truinject's third amended complaint, which was filed on March 9, 2021. See D.I. 293 (Plaintiff Truinject Corp.'s Motion for Leave to File Its Third Amended Complaint). Truinject contends that it acted diligently because Truinject was not aware of the relevant market until it received documents from Defendants in November 2019. Truinject claims these documents show Defendants' belief that "facial injection training technology was Defendants' "own market." D.I. 360 at 5. Truinject claims it acted diligently because Truinject retained an antitrust expert in March 2020 and subsequently filed antitrust claims against Defendants in a Texas federal court. *Id.* at 6-7.

Truinject's argument, however, is unconvincing. Although Truinject claims that it could not pursue its claim until Defendants identified their "own market," it is the plaintiff's—not defendants'—burden to define the relevant market. *Queen City Pizza, Inc. v. Domino's Pizza, Inc.*, 124 F.3d 430 (3d Cir. 1997). Moreover, Truinject was already on notice that Defendants could be participants of a "relevant market" when Truinject learned of the facts giving rise to the antitrust claims. Truinject's first complaint alleged that Defendants "wanted to gain an advantage over their competitors in the training market." D.I. 1 at 109. Once Truinject had knowledge of the underlying facts, nothing prevented Truinject from retaining an expert to explore whether Defendants possessed monopoly power in a relevant market. Instead, Truinject failed to retain an expert, or otherwise pursue its claim, until Defendants identified the market in which they participated. D.I. 360 at 5.

Further, Truinject did not move to amend its complaint until March 9, 2021—almost a year after Truinject obtained an expert draft report. *Id.* at 6-7. Truinject admits it was "on notice of the

5

existing market" at the time it received the report. *Id.* Truinject contends it filed in Texas, rather than seeking to amend its complaint in this Court, because of the Court's previous ruling that it lacked jurisdiction over NSH. *Id.* at 7. Truinject now contends this Court's initial ruling on personal jurisdiction was incorrect because of an alleged misrepresentation. *Id.* at 3. However, even if that were true, Truinject was aware of that misrepresentation by May 20, 2020. *Id.* Thus, Truinject's failure to seek leave to amend in this Court until March of 2021 is not justified.

For these reasons, the Court finds Truinject did not pursue its antitrust claims against Defendants in the Court diligently. Thus, Truinject lacks good cause to amend its pleading to add these claims against Defendants.

### III.  Truinject's Motion to Compel Document Production

Truinject argues Defendants should be compelled to produce employee personnel files on sixteen individuals identified by Truinject. *Id.* at 8. Truinject claims these files are necessary to "show who employed these people, when the people were employed, and if the employees were evaluated based on Holly and LucyLive." *Id.* Truinject served an interrogatory requesting that Defendants "identify all employees who invented, created, designed, or developed Holly and LucyLive." *Id.* Defendants' response listed only three employees, but Truinject contends at least eight other employees were involved in the production of these products. *Id.* at 9. Defendants argue their response was sufficient because the interrogatory did not ask "who certain individuals worked for or what they worked on." D.I. 371 at 10 n. 58.

Judge Hall ordered Defendants to determine the existence of "particular documents in personnel files that suggest that particular individuals worked or took credit for developing the technology at issue." D.I. 358 at 8. If any such documents were identified, Judge Hall further

6

ordered the parties to and meet and confer about whether and in what form these documents should be produced. *Id.*

Rule 26 allows parties to obtain discovery on any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Evid. 26. However, discovery must be "proportional to the needs of the case." *Id.* Accordingly, while personnel files are discoverable, courts have required a "specific" and "particularized" showing of relevance before compelling disclosure. *Lawson v. Love's Travel Stops & Country Stores, Inc.*, C.A. No. 17-CV-1266, 2020 WL 94078 at *3 (M.D. Pa. Jan. 8, 2020). This showing is necessary because discovery files contain confidential information, and the court must therefore weigh the right to relevant discovery against the privacy interests of non-parties to the litigation. *Id.*

The Court agrees with Judge Hall's ruling that production of the entire personnel file is not relevant and proportional to Truinject's need to answer which employees worked for which company. Accordingly, the Court finds that Judge Hall did not clearly err in ruling that Defendants' need not produce the employee personnel files on the sixteen individuals identified by Truinject.

### IV. CONCLUSION

WHEREFORE, at Wilmington this 15th day of September, 2023, **IT IS HEREBY ORDERED** that Judge Hall's September 14, 2021 Memorandum Order recommending that the Court deny Plaintiff's motion for leave to amend the complaint and deny Plaintiff's motion to compel discovery is **ADOPTED** for the reasons stated by Judge Hall.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE