# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRUINJECT CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No: 1:19-cv-00592-GBW |
| GALDERMA, S.A., GALDERMA | ) |
| LABORATORIES, L.P., and SHDS, INC. | ) **PUBLIC VERSION FILED** |
| (f/k/a NESTLÉ SKIN HEALTH, INC.), | ) **OCTOBER 04, 2023** |
| | ) |
| Defendants. | ) |

## JOINT STATUS REPORT

Pursuant to the Court's Order, the parties had a meet-and-confer on September 27, 2023, and respectfully submit this Joint Status Report.

**Truinject's Position**

Plaintiff believes there is still a need to address case matters at the parties' scheduled Pretrial Conference. Plaintiff understands that both parties have already commenced travel to Delaware, as counsel are coming from Texas, California, and New York. Currently, Plaintiff is still assessing the Court's order and has not decided whether to proceed to trial on the remaining non-contract claims. Plaintiff's remaining non-contract claims are as follows: (1) Violation of Delaware's Deceptive Trade Practice Act (6 Del. §§ 2531 et seq.); and (2) Unfair Competition under the California Business and professions Code (Cal. Bus. and Prof. Code 17200. Plaintiff will be in a position to discuss this with the Court at the Pretrial Conference.

Plaintiff also continues to have a liability case against Galderma for breach of contract. Given that the court has granted summary judgment on the Allergan Theory for damages, Plaintiff is assessing how to proceed given the continued existence of the liability case. Plaintiff will be in a position to discuss with the Court at the Pretrial Conference.

Finally, Plaintiff has a pending motion to strike Defendants' untimely answer, including a request to have all allegations in the Corrected Second Amended Complaint deemed admitted. Plaintiff is evaluating whether the relief requested in its motion to strike Defendants' answer, if granted, would impact the Court's summary judgment rulings. Plaintiff will also be in a position to discuss this with the Court at the Pretrial Conference.

**Defendants' Position**

Truinject has not identified what issues it believes are still before the Court in view of the Court's rulings. To the extent Truinject identifies such issues, Defendants request the opportunity to brief whether those issues are still in the case. Defendants' responses to the Court's requests are outlined below.

**1. Truinject has not identified any triable issues surviving summary judgment.**

Defendants believe the Court's grant of five dispositive motions nullifies Truinject's claims in their entirety and leaves no genuine issues for trial. Truinject's position that "liability for breach of contract" remains a disputed issue for trial fails to acknowledge the consequences of this Court's summary judgment rulings, which nullify Truinject's contract claims in their entirety.

*First*, the Court's grant of MSJ#1 means that there are no triable issues of damages, which is an essential element of all Truinject's contract claims. D.I. 804 at 3, 8 ("[T]he Court grants Defendants' motion for partial summary judgment of ***no damages***.") (citing D.I. 596 [Defendants' MSJ#1] at 1-2 ("Because the Allergan Theory is the only damages theory presented by Truinject, ***there is no triable issue on damages***. The Court should enter summary judgment of no damages on all claims.")). Defendants' MSJ#1 specifically argued that Truinject "'***cannot prevail on a contract claim*** without proof that damages resulted from breach.'" D.I. 596 at 6 (quoting *Blattman v. C3, Inc.*, 846 F. App'x 149, 154 (3d Cir. 2021)); *see also Blattman*, 846 F. App'x at 153 n.7

2

("Under Delaware law, the elements of breach of contract" include "resulting damages."). Because the Court has entered summary judgment of "no damages," and specifically found that "Truinject has not alleged harm arising from a breach of contract," D.I. 804 at 8, Truinject "cannot prevail on [its] contract claim[s]" as a matter of law.

*Second*, the Court's grant of Defendants' other motions for summary judgment negates the essential element of *breach* underlying all Truinject's contract claims. Indeed, Truinject's alleged "confidential information" underlying its contract claims is identical to its alleged "trade secrets," which are no longer actionable. Moreover, Truinject admits that its contract claims are predicated on the same body of operative facts underlying its claims for patent infringement, trade secret misappropriation, and trade dress infringement—all of which have now been rejected as a matter of law. *See, e.g.*, D.I. 798 at 2 ("[T]he breach of contract, misappropriation and infringement claims all arise from the same operative facts."); *id.* at 9 ("Truinject's claims share common factual issues. The contractual relationships between Galderma and Truinject are inextricably linked with the intellectual property that was infringed upon, misappropriated, and stolen by Galderma."); *id.* at 11 ("It is simply *impossible* to present the breach of contract claims to the jury without presenting evidence, testimony and expert reports related to the misappropriation and infringement of Truinject's technology."); *id.* at 13 ("[T]he subject matter concerning the patent infringement, trade dress infringement, and misappropriation of trade secret claims directly relates to whether there was a breach of the Agreements."). Truinject cannot identify any plausible theory of breach that survives the Court's summary judgment rulings, and makes no effort to do so now.

**2. The October 10 trial setting should be vacated.**

The trial in this case scheduled to begin in less than two weeks should be vacated immediately, for at least three reasons. *First*, as outlined above, Truinject has not identified any triable issue of

material fact that survives the Court's summary judgment rulings. To the extent does so, further briefing will be needed for the Court to determine whether any triable issues remain. There is no reason to schedule trial until the Court and the parties have clarity on what issues, if any, remain to be tried. *Second*, even if the issues remaining for trial were clear, preparing to try them in less than two weeks is a practical impossibility. Defendants have invested months and enormous resources into preparing for a trial on a range of complex issues that are no longer in the case. The Court's dispositive rulings substantially impact Defendants' preparation of virtually every fact and expert witness and all pretrial filings, including motions in limine, proposed jury instructions, proposed verdict forms, deposition designations, and witness lists—all of which would have to be redone in light of the Court's rulings. The practical impossibility of implementing those changes less than two weeks before trial would cause severe prejudice to Defendants' trial preparation and deprive them of a fair trial. *Finally*, none of the issues identified by Truinject—genuine or not—entitle Truinject to trial by jury. Truinject has no remaining claim for damages, which is a precondition to the Seventh Amendment jury right. At best, Truinject may seek equitable relief from the Court (if it can survive summary judgment). Thus, even if it were necessary to try Truinject's remaining claims at all, the Court should set them for a bench trial at later date, with enough time for the parties to submit proposed findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52.[1]

---

[1] As discussed in the joint status report (D.I. 783), Defendants answered timely. Moreover, Truinject failed to raise this issue in response to any of Defendants' motions for summary judgment.

Date:  September 27, 2023

| | |
|---|---|
| **MORRIS, NICHOLS, ARSHT & TUNNELL LLP** | **SMITH, KATZENSTEIN & JENKINS LLP** |
| */s/ Jeremy A. Tigan* <br> Jack B. Blumenfeld (No. 1014) <br> Jeremy A. Tigan (No. 5239) <br> 1201 North Market Street <br> P.O. Box 1347 <br> Wilmington, DE  19899 <br> Telephone:  (302) 658-920 | */s/ Kelly A. Green* <br> David A. Jenkins (No. 932) <br> Kelly A. Green (No. 4095) <br> Jason Z. Miller (No. 6310) <br> 1000 West Street, Suite 1501 <br> Wilmington, DE 19801 <br> Telephone:  (302) 652-8400 <br> daj@skjlaw.com <br> kag@skjlaw.com <br> jzm@skjlaw.com |
| *OF COUNSEL:* | *OF COUNSEL:* |
| Michael C. Wilson <br> Jenny L. Martinez <br> William A. Munck <br> Sarah J. Lopano <br> Chase A. Cobern <br> Charles T. Zerner <br> Tri T. Truong <br> **MUNCK WILSON MANDALA, LLP** <br> 600 Banner Place Tower <br> 12770 Coit Road <br> Dallas, TX  75251 <br> Telephone:  (972) 628-3600 | Jonathan K. Waldrop <br> Marcus A. Barber <br> John W. Downing <br> ThucMinh Nguyen <br> **KASOWITZ BENSON TORRES LLP** <br> 333 Twin Dolphin Drive, Suite 200 <br> Redwood Shores, CA 94065 <br><br> Nefertiti J. Alexander <br> **KASOWITZ BENSON TORRES LLP** <br> 1633 Broadway <br> New York. NY 10019 |
| *Attorneys for Defendants Galderma S.A., Galderma Laboratories, L.P., and SHDS, Inc. (f/k/a Nestlé Skin Health, Inc.)* | *Attorneys for Plaintiff Truinject Corporation* |